**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>**MONTREAL, MAINE & ATLANTIC RAILWAY, LTD.**,<br><br>Debtor. | Case. No. 13-10670<br><br>Chapter 11 |
| **ROBERT J. KEACH, solely in his capacity as the chapter 11 trustee for MONTREAL, MAINE & ATLANTIC RAILWAY, LTD.**,<br><br>Plaintiff,<br><br>v.<br><br>**WORLD FUEL SERVICES CORPORATION, WORLD FUEL SERVICES, INC., WESTERN PETROLEUM COMPANY, WORLD FUEL SERVICES, CANADA, INC., and PETROLEUM TRANSPORT SOLUTIONS, LLC**,<br><br>Defendants. | Adv. Proc. No. 14-1001 |

**MOTION FOR EXPEDITED HEARING AND SHORTENED OBJECTION PERIOD
WITH RESPECT TO THE SIXTH CONSENT MOTION FOR ENTRY OF AN
ORDER (A) RESCHEDULING THE DATE OF THE INITIAL PRETRIAL
CONFERENCE, (B) EXTENDING THE DEADLINE FOR FILING THE
JOINT PRETRIAL STATEMENT AND ORDER, AND
(C) GRANTING RELATED RELIEF**

Plaintiff Robert J. Keach, solely in his capacity as the chapter 11 trustee (the "Trustee") of Montreal, Maine & Atlantic, Ltd. ("MMA"), by and through his undersigned counsel, hereby moves, with the consent of Defendants World Fuel Services Corporation, World Fuel Services, Inc., Western Petroleum Company, World Fuel Services, Canada, Inc., and Petroleum Transport Solutions, LLC (collectively, the "WFS Entities"), this Court for an expedited hearing and

shortened objection period (the "Motion to Expedite") with respect to the *Sixth Consent Motion for Entry of an Oder (A) Rescheduling the Date of the Initial Pretrial Conference, (B) Extending the Deadline for Filing the Joint Pretrial Statement and Order, and (C) Granting Related Relief* [Adv. Dkt. No. 72] (the "Consent Motion"). In support of the Motion to Expedite, the Trustee states as follows:

## JURISDICTION, VENUE, AND STATUTORY BASIS

1. This Court has jurisdiction to entertain the Motion to Expedite pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief requested in this Motion to Expedite is predicated upon 11 U.S.C. §§ 105(a) and 105(d), Rule 9013-1(i) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Maine (the "Local Rules"), and the Court's inherent authority to control its docket.

## BACKGROUND

3. On or about August 7, 2013, the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Maine (the "Bankruptcy Case").

1. Thereafter, the Trustee filed the Complaint commencing this adversary proceeding (the "Adversary Proceeding") on January 30, 2014 [Adv. Dkt No. 1]. The Initial Pretrial Conference was first set for May 22, 2014; however, pursuant to a docket entry made by the Court on May 14, 2014, that conference was cancelled and was to be reset after the WFS Entities answered the Complaint. On May 29, 2014, the WFS Entities filed their Answer [Adv. Dkt. No. 27].

2

2.  On May 30, 2014, the Court made a docket entry, pursuant to Fed. R. Bankr. P. 7016 and D. Me. LBR 7016-1, setting the Initial Pretrial Conference for July 24, 2014, at 10:00 AM (prevailing Eastern Time).  Accordingly, pursuant to D. Me. LBR 7016-1(b), the Joint Pretrial Statement and Order was due on or before July 17, 2014.

3.  On August 12, 2014, the WFS Entities, with the consent of the Trustee, filed the *Second Consent Motion for Entry of an Order (A) Rescheduling the Date of the Initial Pretrial Conference, (B) Extending the Deadline for Filing the Joint Pretrial Statement and Order, and (C) Granting Related Relief* [Adv. Dkt. No. 32] (the "Second Consent Motion"), which proposed to set the Initial Pretrial Conference for September 16, 2014, and thus make September 9, 2014, the due date for the Joint Pretrial Statement and Order.  On August 12, 2014, the Court entered an order granting the Second Consent Motion [Adv. Dkt. No. 33].

4.  On September 8, 2014, the WFS Entities, with the consent of the Trustee, filed the *Third Consent Motion for Entry of an Order (A) Rescheduling the Date of the Initial Pretrial Conference, (B) Extending the Deadline for Filing the Joint Pretrial Statement and Order, and (C) Granting Related Relief* [Adv. Dkt. No. 35] (the "Third Consent Motion"), which proposed to set the Initial Pretrial Conference for October 21, 2014, and thus make October 14, 2014 the due date for the Joint Pretrial Statement and Order.  On September 11, 2014, the Court entered an order granting the Third Consent Motion [Adv. Dkt. No. 36].

5.  On October 14, 2014, the Trustee, with the consent of the WFS Entities, filed the *Fourth Consent Motion for Entry of an Order (A) Rescheduling the Date of the Initial Pretrial Conference, (B) Extending the Deadline for Filing the Joint Pretrial Statement and Order, and (C) Granting Related Relief* [Adv. Dkt. No. 42] (the "Fourth Consent Motion"), which proposed to set the Initial Pretrial Conference for November 18, 2014, and thus make November 11, 2014

the due date for the Joint Pretrial Statement and Order.  On October 14, 2014, the Court entered an order granting the Fourth Consent Motion [Adv. Dkt. No. 43].

6.      On November 11, 2014, the Trustee, with the consent of the WFS Entities, filed the *Fifth Consent Motion for Entry of an Order (A) Rescheduling the Date of the Initial Pretrial Conference, (B) Extending the Deadline for Filing the Joint Pretrial Statement and Order, and (C) Granting Related Relief* [Adv. Dkt. No. 56] (the "Fifth Consent Motion"), which proposed to set the Initial Pretrial Conference for December 16, 2014, and thus make December 9, 2014 the due date for the Joint Pretrial Statement and Order.  On November 12, 2014, the Court entered an order granting the Fifth Consent Motion [Adv. Dkt. No. 58].

7.      Since then, the Trustee has been engaged in settlement discussions with all of the current and prospective defendants in the Adversary Proceeding in an attempt to resolve the claims set forth in the Complaint.

## RELIEF REQUESTED

8.      By this Motion to Expedite, the Trustee requests that the Court (a) schedule a hearing on the Consent Motion for **December 16, 2014** at **1:00 p.m. E.S.T.**; (b) set a shortned objection deadline for **December 15, 2014**; and (c) approve service of the Motion to Expedite and the Consent Motion in the manner set forth herein.

## BASIS FOR RELIEF

9.      Generally, a consented-to request to continue and reschedule an initial pretrial conference may be granted without a hearing.  *See* D. Me. LBR 9013-1(d)(1).  Indeed, the parties have previously requested, and have been granted, continuances of the Initial Pretrial Conference and the deadline to file the Joint Pretrial Statement and Order without a hearing pursuant to D. Me. LBR 9013-1.  Nevertheless, the Trustee seeks a hearing on the Consent Motion so as to be

4

granted an opportunity to update and inform the Court as to the current status of the Adversary Proceeding.

10. Given the Trustee's decision to forego relief pursuant to D. Me. LBR 9013-1, the Consent Motion is subject to the notice requirements of Fed. R. Bankr. P. 2002. Accordingly, absent a request for an expedited hearing, the Trustee must provide twenty-one days' notice of, and a response date must be set more than seven calendar days prior to, a final hearing date. See Fed. R. Bankr. P. 2002, and D. Me. LBR 9013-1(i).

11. The Court has already scheduled hearings for December 16, 2014 at 10:00 a.m. with respect to several matters in the Bankruptcy Case. As such, the Trustee requests that a hearing on the Consent Motion be scheduled for the same date and time to allow expedited consideration of the relief sought by the Trustee while minimizing cost and inconvenience to interested parties who might already be in attendance on that date.

## **NOTICE**

12. Notice of this Motion to Expedite and the Consent Motion was served on the following parties on the date and manner set forth in the certificate of service: (a) the Debtor's counsel; (b) counsel for the WFS Entities; and (c) others who have, as of the date of this Motion to Expedite, entered an appearance and requested service of papers in the Adversary Proceeding. In light of the nature of the relief requested in the Motion to Expedite and the Consent Motion, the Trustee requests that the Court approve notice to, and service of the Consent Motion on, the parties set forth above as adequate and sufficient notice under the circumstances.

## **CONCLUSION**

WHEREFORE, the Trustee requests that this Court enter an Order: (a) finding that service of the Motion to Expedite and the Consent Motion in the manner described herein was sufficient to all parties in interest under the circumstances of this Adversary Proceeding; (b) granting the Motion to Expedite; (c) setting a hearing on the Consent Motion for December 16, 2014 at 1:00 p.m. and a shortened objection deadline for December 15, 2014; and (d) granting such other and further relief as the Court deems just and equitable under the circumstances.

Dated:  December 9, 2014             ROBERT J. KEACH
                                     CHAPTER 11 TRUSTEE OF MONTREAL
                                     MAINE & ATLANTIC RAILWAY, LTD.

                                     By his attorneys:

                                     */s/ Timothy J. McKeon*
                                     Paul McDonald, Esq.
                                     Timothy J. McKeon, Esq.
                                     BERNSTEIN, SHUR, SAWYER & NELSON, P.A.
                                     100 Middle Street
                                     P.O. Box 9729
                                     Portland, ME 04104-5029
                                     Tel: (207) 774-1200
                                     Fax: (207) 774-1127