REC'D MAR 2 0 2015





2200 IDS Center
80 South 8th Street
Minneapolis MN 55402-2157
tel 612.977.8400
fax 612.977.8650

**EXHIBIT**

**A**

March 16, 2015

**Paul J. Hemming**
(612) 977-8719
phemming@briggs.com

<u>**VIA U.S. MAIL AND EMAIL**</u>

Paul McDonald
Berstein, Shur, Sawyer & Nelson, P.A.
100 Middle Street
Portland, ME  04101

> Re:   **Robert J. Keach, Chapter 11 Trustee v. World Fuel Services Corp., et al.**
>       **Adv. Proc. No. 14-1001**

Dear Mr. McDonald:

Enclosed please find Canadian Pacific Railway Company's Responses to Plaintiff Robert J. Keach, Chapter 11 Trustee of the Montreal, Maine & Atlantic Railway, Ltd.'s Interrogatories and Request for Production of Documents Relating to Jurisdictional Discovery.

An original of the "North American Rail Network Map" referenced in the Responses is enclosed.  An executed Verification will follow under separate cover.

Sincerely,

Paul J. Hemming

PJH/pk
Enclosures
cc:   Jay S. Geller (via U.S. mail)
      Lauren B. Weliver (via U.S. mail)
      George J. Marcus (via U.S. mail)
      J. Christian Nemeth (via U.S. mail)
      Timothy R. Thornton
      Tara Reese Duginske

**Briggs and Morgan, Professional Association**
Minneapolis | St. Paul | www.briggs.com
Member - Lex Mundi, a Global Association of Independent Law Firms

6980257v1

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| In re: | Bk. No. 13-10670<br>Chapter 11 |
| MONTREAL, MAINE & ATLANTIC<br>RAILWAY, LTD., | |
| Debtor, | |
| v. | |
| ROBERT J. KEACH, solely in his capacity<br>as the chapter 11 trustee for MONTREAL,<br>MAINE & ATLANTIC RAILWAY, LTD., | Adversary Proceeding No. 14-1001 |
| Plaintiff, | |
| v. | **CANADIAN PACIFIC RAILWAY<br>COMPANY'S RESPONSES TO<br>PLAINTIFF ROBERT J. KEACH,<br>CHAPTER 11 TRUSTEE OF<br>MONTREAL MAINE & ATLANTIC<br>RAILWAY, LTD.'S<br>INTERROGATORIES AND REQUEST<br>FOR PRODUCTION OF DOCUMENTS<br>RELATING TO JURISDICTIONAL<br>DISCOVERY** |
| WORLD FUEL SERVICES<br>CORPORATION, WORLD FUEL<br>SERVICES, INC., WESTERN<br>PETROLEUM COMPANY, WORLD<br>FUEL SERVICES, CANADA, INC.,<br>PETROLEUM TRANSPORT<br>SOLUTIONS, LLC, CANADIAN<br>PACIFIC RAILWAY COMPANY, and<br>IRVING OIL LIMITED, | |
| Defendants. | |

**TO:   Plaintiff Robert J. Keach, Chapter 11 Trustee of Montreal Maine & Atlantic Railway, Ltd. and his attorneys Paul McDonald and Timothy J. McKeon, Bernstein, Shur, Sawyer & Nelson, P.A., 100 Middle Street, P.O. Box 9729, Portland, ME 04104-5029**

Canadian Pacific Railway Company (CP), responds to Robert J. Keach's Chapter

11 Trustee of Montreal Maine & Atlantic Railway, Ltd.'s Interrogatories and Request for

6940773v2

Production of Documents regarding jurisdictional discovery as restricted by the Court's Order as follows:

## GENERAL OBJECTIONS

CP objects to the trustee's requests for information and documents that are not reasonably calculated to lead to the discovery of relevant information related personal jurisdiction and forum *non conveniens*.  The Bankruptcy Court's December 23, 2014 Order limits the scope of discovery among the trustee, Irving, and CP to the "issues of personal jurisdiction and forum *non conveniens* only" and prohibits general discovery between these parties. *See* Docket No. 88.

CP further objects to the interrogatories exceeding 25, including subparts.  *See* Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.  CP responds to the first 25 interrogatories that the rules allow, without leave of court; no other answers will be provided without a court order.

## INTERROGATORIES

**INTERROGATORY 1:**  Identify the country and province or state under whose laws you were formed.

**RESPONSE:** CP is incorporated federally under the Canada Business Corporation Act.

**INTERROGATORY 2:**  Identify the address of your principal place of business.

**RESPONSE:** 7550 Ogden Dale Road S.E., Calgary, Alberta T2C 4X9 (Canada).

**INTERROGATORY 3:**  Identify all business locations that you presently have, or ever have had, within Maine.

**RESPONSE:** Objection: overly broad in time and scope, unduly burdensome, and vague and ambiguous. Subject to these objections, CP does not currently provide railroad transportation services or have any "business locations" in Maine. In 2003, Montreal, Maine & Atlantic Railway LTD (MM&A) acquired CP's remaining operational tracks in the state of Maine. As allowed by Fed. R. Civ. P. 33(d), *see* CP's North American Rail Network Map (produced).

**INTERROGATORY 4:**   To the extent not identified in response to any prior Interrogatory, identify all business locations that you presently have, or ever have had, within the United States.

**RESPONSE:** Objection: overly broad in time and scope, unduly burdensome, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, CP subsidiaries provide railroad transportation services and have facilities in the following states: North Dakota, Kansas, Minnesota, Iowa, Missouri, Illinois, Wisconsin, Michigan, Pennsylvania, Vermont and New York; a CP subsidiary formerly provided railroad transportation services in South Dakota; see also North American Rail Network Map. Fed. R. Civ. P. 33(d).

**INTERROGATORY 5:**   Identify all of your Affiliates and Subsidiaries, and set forth the country and province or state under whose laws each was formed.

**RESPONSE:** Objection: overly broad, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, the following subsidiaries operate within the United States: Soo Line Railroad Company (incorporated in Minnesota); Delaware & Hudson Railway Company, Inc. (incorporated in Delaware); Dakota, Minnesota & Eastern Railroad Corp. (incorporated in Delaware). CP also has

three non-operational Leased Line Companies (Aroostook River Railroad Company, International Railway Company of Maine, and Houlton Branch Railroad Company) that were incorporated and are registered in Maine, but do not do business in Maine or elsewhere.

**INTERROGATORY 6:**   For each of your Affiliates and Subsidiaries, identify the address of their principal place of business.

**RESPONSE:** Objection: overly broad, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order.  Subject to these objections, the principal place of business of CP's subsidiaries within the United States are as follows:

| Affiliate / Subsidiary | Principal place of business |
|---|---|
| Soo Line Railroad Company | Minneapolis, MN |
| Delaware & Hudson Railway Company, Inc. | Clifton Park, New York |
| Dakota, Minnesota & Eastern Railroad Corp | Minneapolis, MN |
| Aroostook River Railroad Company | Calgary, AB (Canada) |
| International Railway Company of Maine | Calgary, AB (Canada) |
| Houlton Branch Railroad Company | Calgary, AB (Canada) |

**INTERROGATORY 7:**   For each of your Affiliates and Subsidiaries, identify all business locations that each presently has, or ever had, within Maine.

**RESPONSE:** Objection: overly broad in time and scope, unduly burdensome, and vague and ambiguous as to what is meant by "business locations."  Subject to these objections, neither CP nor any of its subsidiaries conducts business or have business locations in Maine.

6940773v2

**INTERROGATORY 8:**  To the extent not identified in response to any prior Interrogatory, for each of your Affiliates and Subsidiaries, identify all business locations that each presently has, or ever had, within the United States.

**RESPONSE:** Objection: overly broad in time and scope, unduly burdensome, vague and ambiguous, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order.  Subject to these objections, CP subsidiaries provide railroad transportation services and have facilities in the following states: North Dakota, Kansas, Minnesota, Iowa, Missouri, Illinois, Wisconsin, Michigan, Pennsylvania, Vermont and New York; a CP subsidiary formerly provided railroad transportation services in South Dakota; see also North American Rail Network Map.  Fed. R. Civ. P. 33(d).

**INTERROGATORY 9:**  Do you presently conduct, or have you ever conducted, business within Maine?  If so, identify and describe such business, including the dates on which you conducted such business.

**RESPONSE:** CP does not currently conduct business in Maine.  Well over a decade ago, CP had tracks and provided railroad transportation services in Maine; the MM&A acquired the remainder of CP's operational tracks in 2003.

**INTERROGATORY 10:**  Do you presently conduct, or have you ever conducted, business within the Montana and/or North Dakota regions of the Bakken Formation? If so, identify and describe such business, including the dates on which you conducted such business.

**RESPONSE:** Objection: overly broad in time and scope, unduly burdensome, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, a CP subsidiary provides railroad transportation services in North Dakota.

**INTERROGATORY 11:** To the extent not identified in response to any prior Interrogatory, do you presently conduct, or have you ever conducted, business within

United States? If so, identify and describe such business, including the dates on which you conducted such business.

**RESPONSE:** Objection: overly broad in time and scope, unduly burdensome, vague and ambiguous, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, CP subsidiaries provide railroad transportation services in the following states: North Dakota, Kansas, Minnesota, Iowa, Missouri, Illinois, Wisconsin, Michigan, Pennsylvania, Vermont and New York; a CP subsidiary formerly provided railroad transportation services in South Dakota; see also North American Rail Network Map. Fed. R. Civ. P. 33(d).

**INTERROGATORY 12:** Identify all agents and/or intermediaries that provide services for you and and/or on your behalf within Maine, and for each such person or entity, describe such services, including the dates on which they performed such services.

**RESPONSE:** None.

**INTERROGATORY 13:** Identify all agents and/or intermediaries that provide services for you and/or on your behalf within the Montana and/or North Dakota regions of the Bakken Formation, and for each such person or entity, describe such services, including the dates on which they performed such services.

**RESPONSE:** Objection: overly broad, unduly burdensome, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, a CP subsidiary provides railroad transportation services in North Dakota.

**INTERROGATORY 14:** To the extent not identified in response to any prior Interrogatory, identify all agents and/or intermediaries that provide services for you and/or on your behalf within the United States, and for each such person or entity, describe such services, including the dates on which they performed such services.

**RESPONSE:** Objection: overly broad in time and scope, unduly burdensome, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, CP subsidiaries provide railroad transportation services in the

following states: North Dakota, Kansas, Minnesota, Iowa, Missouri, Illinois, Wisconsin, Michigan, Pennsylvania, Vermont and New York; a CP subsidiary formerly provided railroad transportation services in South Dakota; see also North American Rail Network Map. Fed. R. Civ. P. 33(d).

**INTERROGATORY 15:** Identify all agents and/or intermediaries that provide services for or on behalf of each of your Affiliates and Subsidiaries within Maine, and for each such person or entity, describe such services, including the dates on which they performed such services.

**RESPONSE:** None.

**INTERROGATORY 16:** Identify all agents and/or intermediaries that provide services for or on behalf of each of your Affiliates and Subsidiaries within the Montana and/or North Dakota regions of the Bakken Formation, and for each such person or entity, describe such services, including the dates on which they performed such services.

**RESPONSE:** Objection: beyond the scope of the Bankruptcy Court's December 23, 2014 Order.   Subject to that objection, a CP subsidiary provides railroad transportation services in North Dakota.

**INTERROGATORY 17:** To the extent not identified in response to any prior Interrogatory, identify all agents and/or intermediaries that provide services for or on behalf of each of your Affiliates and Subsidiaries within the United States, and for each such person or entity, describe such services, including the dates on which they performed such services.

**RESPONSE:** Objection: overly broad in time and scope, unduly burdensome, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, CP subsidiaries provide railroad transportation services in the following states: North Dakota, Kansas, Minnesota, Iowa, Missouri, Illinois, Wisconsin, Michigan, Pennsylvania, Vermont and New York; a CP subsidiary formerly provided

6940773v2

railroad transportation services in South Dakota; see also North American Rail Network

Map. Fed. R. Civ. P. 33(d).

**INTERROGATORY 18:** Since 2004, have you provided any rail services in the United States, including but not limited to the Montana and/or North Dakota regions of the Bakken Formation. If so, for each year, describe the nature of such services and state the number of separate services you provided (*e.g.*, the number of separate trains).

**RESPONSE:** Objection: overly broad in time and scope, unduly burdensome,

irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order.

Subject to these objections, for many years CP subsidiaries have provided railroad

transportation services in the following states: North Dakota, Kansas, Minnesota, Iowa,

Missouri, Illinois, Wisconsin, Michigan, Pennsylvania, Vermont and New York; a CP

subsidiary formerly provided railroad transportation services in South Dakota; see also

North American Rail Network Map. Fed. R. Civ. P. 33(d).

**INTERROGATORY 19:** Since 2004, have you owned, leased, or operated real property located within Maine? If so, identify the address of all such property and its purpose and/or use.

**RESPONSE:** Yes. CP maintains eight leases in Aroostook County, Maine. The

records relating to these leases are available for inspection at the offices of Briggs and

Morgan, P.A. Fed. R. Civ. P. 33(d).

**INTERROGATORY 20:** Since 2004, have you owned, leased, or operated real property located within the Montana and/or North Dakota regions of the Bakken Formation? If so, identify the address of all such property and its purpose and/or use.

**RESPONSE:** Objection: overly broad, unduly burdensome, irrelevant, and

beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these

objections, a CP subsidiary owns tracks and provides railroad transportation services in

North Dakota.

**INTERROGATORY 21:** To the extent not identified in response to any prior Interrogatory, since 2004, have you owned, leased, or operated real property located within the United States. If so, identify the address of all such property and its purpose and/or use.

**RESPONSE:** Objection: overly broad, unduly burdensome, irrelevant, and

beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these

objections, CP subsidiaries have owned tracks, provided railroad transportation services,

and have had facilities in the following states: North Dakota, South Dakota, Kansas,

Minnesota, Iowa, Missouri, Illinois, Wisconsin, Michigan, Pennsylvania, Vermont, New

York, and South Dakota; see also North American Rail Network Map.  Fed. R. Civ. P.

33(d).

**INTERROGATORY 22:**  Since 2004, have any of your Affiliates or Subsidiaries owned, leased, or operated, real property located within Maine? If so, identify the address of all such property and its purpose and/or use.

**RESPONSE:** No.

**INTERROGATORY 23:**  Since 2004, have any of your Affiliates or Subsidiaries owned, leased, or operated, real property located within the Montana and/or North Dakota regions of the Bakken Formation? If so, identify the address of all such property and its purpose and/or use.

**RESPONSE:** Objection: overly broad, unduly burdensome, irrelevant, and

beyond the scope of the Bankruptcy Court's December 23, 2014 Order.  Subject to these

objections, a CP subsidiary owns tracks and provides railroad transportation services in

North Dakota.

**INTERROGATORY 24:** To the extent not identified in response to any prior Interrogatory, since 2004, have any of your Affiliates or Subsidiaries owned, leased, or operated, real property located within the United States? If so, identify the address of all such property and its purpose and/or use.

**RESPONSE:** Objection: overly broad, unduly burdensome, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, CP subsidiaries have owned tracks, provided railroad transportation services, and have had facilities in the following states: North Dakota, South Dakota, Kansas, Minnesota, Iowa, Missouri, Illinois, Wisconsin, Michigan, Pennsylvania, Vermont, New York, and South Dakota; see also North American Rail Network Map. Fed. R. Civ. P. 33(d).

**INTERROGATORY 25:** State your total gross revenues derived from operations within Maine for each year from 2004 through 2014.

**RESPONSE:** None.

**INTERROGATORY 26:** State your total gross revenues derived from operations within the Montana and/or North Dakota regions of the Bakken Formation for each year from 2004 through 2014.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. *See* Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 27:** State your total gross revenues derived from operations within the United States for each year from 2004 through 2014.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 28:** State the total gross revenues derived from operations of each of your Affiliates and Subsidiaries within Maine for each year from 2004 through 2014.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 29:** State the total gross revenues derived from operations of each of your Affiliates and Subsidiaries within the Montana and/or North Dakota regions of the Bakken Formation for each year from 2004 through 2014.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 30:** State the total gross revenues derived from operations of each of your Affiliates and Subsidiaries within the United States for each year from 2004 through 2014.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 31:** Since 2004, have you paid any taxes to the United States Department of Treasury, Internal Revenue Service? If so, state the amount of taxes you paid, the payee, and the amount of each payment for each year.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 32:** Since 2004, have you paid any taxes to the State of Maine or any municipality or county within Maine? If so, state the amount of taxes you paid, the payee, and the amount of each payment for each year.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 33:** Since 2004, have any of your Affiliates or Subsidiaries paid any taxes to the United States Department of Treasury, Internal Revenue Service? If so, state the amount of taxes they paid, the payee, and the amount of each payment for each year.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

6940773v2

**INTERROGATORY 34:** Since 2004, have any of your Affiliates or Subsidiaries paid any taxes to the State of Maine of any municipality or county within Maine? If so, state the amount of taxes they paid, the payee, and the amount of each payment for each year.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 35:** For each year from 2004 to the present, state the total number of employees and/or contractors working within Maine for you, or on your behalf.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 36:** For each year from 2004 to the present, state the total number of employees and/or contractors working within the Montana and/or North Dakota regions of the Bakken Formation for you, or on your behalf.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 37:** To the extent not provided in response to any prior Interrogatory, for each year from 2004 to the present, state the total number of employees and/or contractors working within the United States for you, or on your behalf.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 38:** For each year from 2004 to the present, state the total number of employees and/or contractors working within Maine for, or on your behalf of, each of your Affiliates or Subsidiaries.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 39:** For each year from 2004 to the present, state the total number of employees and/or contractors working within the Montana and/or North

Dakota regions of the Bakken Formation for, or on your behalf of, each of your Affiliates or Subsidiaries.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 40:** To the extent not provided in response to any prior Interrogatory, for each year from 2004 to the present, state the total number of employees and/or contractors working within the United States for, or on your behalf of, each of your Affiliates or Subsidiaries.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 41:** For the period 2004 to the present, identify and describe all contracts or agreements that you entered into that (i) included as a party or third-party beneficiary any Maine resident or entity with a principal place of business in Maine; or (ii) were to be performed, in whole or in part, within Maine.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 42:** For the period 2004 to the present, identify and describe all contracts or agreements that you entered into that were to be performed, in whole or in part, within the Montana and/or North Dakota regions of the Bakken Formation.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 43:**  To the extent not identified in response to any prior Interrogatory, for the period 2004 to the present, identify and describe all contracts or agreements that you entered into that (i) included as a party or third-party beneficiary any United States resident or entity with a principal place of business in the United States; or (ii) were to be performed, in whole or in part, in the United States.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 44:** For the period 2004 to the present, identify and describe all contracts or agreements that any of your Affiliates or Subsidiaries entered into that (i) included as a party or third-party beneficiary any Maine resident or entity with a principal place of business in Maine; or (ii) were to be performed, in whole or in part, within Maine.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 45:** For the period 2004 to the present, identify and describe all contracts or agreements that any of your Affiliates or Subsidiaries entered into that were to be performed, in whole or in part, within the Montana and/or North Dakota regions of the Bakken Formation.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 46:** To the extent not identified in response to any prior Interrogatory, for the period 2004 to the present, identify and describe all contracts or agreements that any of your Affiliates or Subsidiaries entered into that (i) included as a party or third-party beneficiary any United States resident or entity with a principal place of business in the United States; or (ii) were to be performed, in whole or in part, in the United States.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 47:** Identify by case caption all civil lawsuits filed in Maine from 2004 to the present and in which you or any of your Affiliates or Subsidiaries were named as a party.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 48:** To the extent not identified in response to any prior Interrogatory, identify by case caption all civil lawsuits filed in the United States from 2004 to the present and in which you or any of your Affiliates or Subsidiaries were named as a party.

6940773v2

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 49:** Identify all accounts owned by or in the name of you or any of your Affiliates or Subsidiaries in a bank located within Maine.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 50:** To the extent not identified in response to any prior Interrogatory, identify all bank accounts owned by or in the name of you or any of your Affiliates or Subsidiaries in a bank located in the United States.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 51:** To the extent not identified in response to any prior Interrogatory, since 2004, did you or any of your Affiliates or Subsidiaries ever transport or cause to be transported crude oil from the Bakken Formation into the United States by rail? If so, identify the total number of individual trains employed for such purposes(s) with respect to each separate entity in each year.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 52:** To the extent not identified in response to any prior Interrogatory, since 2004, did you or any of your Affiliates or Subsidiaries ever transport or cause to be transported crude oil from the Bakken Formation within the United States by rail? If so, identify the total number of individual trains employed for such purposes(s) with respect to each separate entity in each year.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 53:** To the extent not identified in response to any prior Interrogatory, since 2004, did you or any of your Affiliates or Subsidiaries ever transport or cause to be transported crude oil from the Bakken Formation within the United States into Canada by rail? If so, identify the total number of individual trains employed for such purposes(s) with respect to each separate entity in each year.

6940773v2

15

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 54:** Identify all contracts or agreements between you and any other party that relate in any way to the Crude Oil or the Train, including their location, and all witnesses (including their address) who you believe have information concerning those contracts or agreements.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 55:** Identify all contracts or agreements entered into between 2004 and the present between you and any other person or entity that relate in any way to the transportation of crude oil from the Bakken Formation, including their location, and all witnesses (including their address) who you believe have information concerning those contracts or agreements.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 56:** Prior to the Derailment, did you perform or cause to be performed any testing, analysis, or investigation as to the structural integrity and/or the safety of any of the tank cars that comprised the Train? If so, explain in detail all such testing analysis, or investigation, identify the location of the documents relating thereto, and identify all witnesses (including their address) who have information concerning those issues.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 57:** Were you aware, prior to the Derailment, whether any other party had performed any testing, analysis, or investigation as to the structural integrity and/or the safety of any of the tank cars that comprised the Train? If so, explain in detail all facts of which you were aware, identify the location of the documents relating thereto, and identify all witnesses (including their address) who you believe have information concerning those issues.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

6940773v2

**INTERROGATORY 58:** Identify all parties that held title, at any time, to the Crude Oil and all witnesses (including their address) who you believe have information concerning those issues.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 59:** Were you aware, prior to the Derailment, that crude oil extracted from the Bakken Formation is often explosive and can self-ignite at low ambient temperatures? If so, explain in detail all facts of which you were aware, identify the location of the documents relating thereto, and identify all witnesses (including their address) who you believe have information concerning those issues.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 60:** Prior to the Derailment, did you perform or cause to be performed any testing or analysis of the flash point, boiling point, or chemical composition of any of the Crude Oil? If so, explain in detail all such testing, identify the location of the documents relating thereto, and identify all witnesses (including their address) who you believe have information concerning those issues.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 61:** Were you aware, prior to the Derailment, whether any other party had performed any testing or analysis of the flash point, boiling point, or chemical composition of any of the Crude Oil? If so, explain in detail all facts of which you were aware, identify the location of the documents relating thereto, and identify all witnesses (including their address) who you believe have information concerning those issues.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 62:** Prior to the Derailment, did you make or cause to be made any effort to identify the correct hazardous waste classification or packing group that pertained to any of the Crude Oil? If so, explain in detail all such efforts, identify the location of the documents relating thereto, and identify all witnesses (including their address) who you believe have information concerning those issues.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 63:** Were you aware, prior to the Derailment, whether any other party had made any effort to identify the correct hazardous waste classification or packing group that pertained to any of the Crude Oil? If so, explain in detail all facts of which you were aware, identify the location of the documents relating thereto, and identify all witnesses (including their address) who you believe have information concerning those issues.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 64:** Were you aware, prior to the Derailment, that technology and equipment existed that could stabilize crude oil extracted from shale formations so as to reduce the amount of volatile gasses and other compounds? If so, explain in detail all facts of which you were aware, identify the location of the documents relating thereto, and identify all witnesses (including their address) who you believe have information concerning those issues.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 65:** Do you use technology and/or equipment to stabilize crude oil in any location where you do business? If so, explain in detail where and how such technology and/or equipment is used, identify the location of the documents relating thereto, and identify all witnesses (including their address) who you believe have information concerning those issues.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 66:** Prior to the Derailment, did you make or cause to be made any effort to stabilize the Crude Oil so as to reduce the amount of volatile gasses and other compounds prior to the Derailment? If so, explain in detail all such efforts, identify the location of the documents relating thereto, and identify all witnesses (including their address) who you believe have information concerning those issues.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 67:** Were you aware, prior to the Derailment, whether any other party had made any effort to stabilize the Crude Oil so as to reduce the amount of volatile gasses and other compounds? If so, explain in detail all facts of which you were aware, identify the location of the documents relating thereto, and identify all witnesses (including their address) who you believe have information concerning those issues.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 68:** Are you a party to any agreement(s) that may in any way impose on you or any other person an obligation to provide indemnity from or contribution to damages incurred by any third-party, which arise out of or relate to the Derailment? If so, identify all such agreements, identify the location of the documents relating thereto, and identify all witnesses (including their address) who you believe have information concerning those issues.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 69:** Have any persons or entities made any demands upon you to provide indemnification and/or contribution with respect to claims arising out of the Derailment, or put you on notice that such person or entity believes or contends that an obligation to so indemnify or contribute exists? If so, identify each such demand or notice in detail, including, without limitation, the person or entity making the demand or communicating the notice, identify the location of the documents relating thereto, and identify all witnesses (including their address) who you believe have information concerning those issues.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See

Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

**INTERROGATORY 70:** Have you made any demands upon any person or entity for indemnification and/or contribution with respect to claims arising out of the Derailment or put on notice any person or entity with respect to the possibility of any such obligations to indemnify or contribute? If so, identify each such demand or notice in detail, including, without limitation, each such person or entity that you contacted in such

respect, identify the location of the documents relating thereto, and identify all witnesses (including their address) who you believe have information concerning those issues.

**RESPONSE:** Objection. The interrogatories, including subparts, exceed 25. See Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33.

## DOCUMENT REQUESTS

**REQUEST NO. 1:** All documents identified or relied upon, reviewed, or consulted in connection with formulating your objections or answers to the foregoing Interrogatories.

**RESPONSE:** See North American Rail Network Map and documents available for inspection at Briggs and Morgan, P.A.

**REQUEST NO. 2:** All contracts and/or agreements entered into between 2004 and the present by you or your Affiliates or Subsidiaries that refer or relate in any way to crude oil produced from the Bakken Formation which are governed by the laws of any state, territory, commonwealth, or district of the United States.

**RESPONSE:** Objection: overly broad, unduly burdensome, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, CP subsidiaries provide railroad transportation services in the following states: North Dakota, Kansas, Minnesota, Iowa, Missouri, Illinois, Wisconsin, Michigan, Pennsylvania, Vermont and New York; a CP subsidiary formerly provided railroad transportation services in South Dakota. See North American Rail Network Map.

**REQUEST NO. 3:** All contracts and/or agreements entered into between 2004 and the present by you or your Affiliates or Subsidiaries which are governed by Maine law.

**RESPONSE:** Objection: overly broad in time and scope and unduly burdensome. Subject to these objections, and upon information and belief, none.

**REQUEST NO. 4:** All contracts and/or agreements entered into between 2004 and the present by you or your Affiliates or Subsidiaries and any party or third-party

beneficiary that is/was a United States resident or entity that had/has a principal place of business in the United States.

**RESPONSE:** Objection: overly broad, unduly burdensome, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, CP subsidiaries provide railroad transportation services in the following states: North Dakota, Kansas, Minnesota, Iowa, Missouri, Illinois, Wisconsin, Michigan, Pennsylvania, Vermont and New York; a CP subsidiary formerly provided railroad transportation services in South Dakota. See North American Rail Network Map.

**REQUEST NO. 5:** All contracts and/or agreements entered into between 2004 and the present by you or your Affiliates or Subsidiaries that were to be performed, in whole or in part, within the United States.

**RESPONSE:** Objection: overly broad, unduly burdensome, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, CP subsidiaries provide railroad transportation services in the following states: North Dakota, Kansas, Minnesota, Iowa, Missouri, Illinois, Wisconsin, Michigan, Pennsylvania, Vermont and New York; a CP subsidiary formerly provided railroad transportation service in South Dakota. See North American Rail Network Map.

**REQUEST NO. 6:** All contracts and/or agreements entered into between 2004 and the present by you or your Affiliates or Subsidiaries that refer or relate in any way to crude oil produced within the Bakken Formation.

**RESPONSE:** Objection: overly broad, unduly burdensome, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, a CP subsidiary provides railroad transportation services in North Dakota. See North American Rail Network Map.

**REQUEST NO. 7:** All contracts and/or agreements between you or your Affiliates or Subsidiaries and the Debtor that were entered into between 2004 and the present.

**RESPONSE:** None.

**REQUEST NO. 8:** All contracts and/or agreements between you or your Affiliates or Subsidiaries and Irving that were entered into between 2004 and the present that refer or relate in any way to crude oil produced within the Bakken Formation.

**RESPONSE:** Objection: overly broad in scope, unduly burdensome, seeks confidential and proprietary information, irrelevant, and beyond the scope of the Bankruptcy Court's December 30, 2014 Order.

**REQUEST NO. 9:** All documents that refer or relate in any way to the Crude Oil, including all MSDS's, contracts, and insurance policies.

**RESPONSE:** Objection: overly broad in scope, unduly burdensome, seeks confidential and proprietary information, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order.

**REQUEST NO. 10:** All documents that refer or relate in any way to the Train, including all bills of lading and other transportation documents contracts, and insurance policies.

**RESPONSE:** Objection: overly broad in scope, unduly burdensome, seeks confidential and proprietary information, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order.

**REQUEST NO. 11:** All documents that refer or relate in any way to the Derailment, including all potentially applicable insurance policies.

**RESPONSE:** Objection: overly broad in scope, unduly burdensome, vague and ambiguous, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order.

**REQUEST NO. 12:** Documents sufficient to identify all bank accounts located in the United States that are owned by or in the name of you or any of your Affiliates or Subsidiaries.

**RESPONSE:** Objection: overly broad in scope, unduly burdensome, seeks confidential and proprietary information, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order.

**REQUEST NO. 13:** Documents sufficient to identify your operations within the Montana and/or North Dakota regions of the Bakken Formation for each year from 2004 through 2014.

**RESPONSE:** Objection: overly broad, unduly burdensome, vague and ambiguous, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, a CP subsidiary owns tracks and provides railroad transportation services in North Dakota. See North American Rail Network Map.

**REQUEST NO. 14:** Documents sufficient to identify the total gross revenues derived from your operations within the Montana and/or North Dakota regions of the Bakken Formation for each year from 2004 through 2014.

**RESPONSE:** Objection: overly broad, unduly burdensome, seeks confidential and proprietary information, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order.

**REQUEST NO. 15:** Documents sufficient to identify your operations within Maine for each year from 2004 through 2014.

**RESPONSE:** None.

**REQUEST NO. 16:** Documents sufficient to identify the total gross revenues derived from your operations within Maine for each year from 2004 through 2014.

**RESPONSE:** None.

6940773v2

**REQUEST NO. 17:** To the extent not produced in response to any prior Request, documents sufficient to identify your operations within the United Stated for each year from 2004 through 2014.

**RESPONSE:** Objection: overly broad, unduly burdensome, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, CP subsidiaries provide railroad transportation services in the following states: North Dakota, Kansas, Minnesota, Iowa, Missouri, Illinois, Wisconsin, Michigan, Pennsylvania, Vermont and New York; a CP subsidiary formerly provided railroad transportation services in South Dakota. See North American Rail Network Map.

**REQUEST NO. 18:** To the extent not produced in response to any prior Request, documents sufficient to identify the total gross revenues derived from your operations within the United States for each year from 2004 through 2014.

**RESPONSE:** Objection: overly broad, unduly burdensome, seeks confidential and proprietary information, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order.

**REQUEST NO. 19:** Documents sufficient to identify the operations of each of your Affiliates and Subsidiaries within the Montana and/or North Dakota regions of the Bakken Formation for each year from 2004 through 2014.

**RESPONSE:** Objection: overly broad, unduly burdensome, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, a CP subsidiary owns tracks and provides railroad transportation services in North Dakota. See North American Rail Network Map.

**REQUEST NO. 20:** Documents sufficient to identify the total gross revenues derived from operations of each of your Affiliates and Subsidiaries within the Montana and/or North Dakota regions of the Bakken Formation for each year from 2004 through 2014.

**RESPONSE:** Objection: overly broad, unduly burdensome, seeks confidential and proprietary information, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order.

**REQUEST NO. 21:** Documents sufficient to identify the operations of each of your Affiliates and Subsidiaries within Maine for each year from 2004 through 2014.

**RESPONSE:** None.

**REQUEST NO. 22:** Documents sufficient to identify the total gross revenues derived from operations of each of your Affiliates and Subsidiaries within Maine for each year from 2004 through 2014.

**RESPONSE:** None.

**REQUEST NO. 23:** To the extent not produced in response to any prior Request, documents sufficient to identify the operations each of your Affiliates and Subsidiaries within the United States for each year from 2004 through 2014.

**RESPONSE:** Objection: overly broad, unduly burdensome, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, CP subsidiaries provide railroad transportation services in the following states: North Dakota, Kansas, Minnesota, Iowa, Missouri, Illinois, Wisconsin, Michigan, Pennsylvania, Vermont and New York; a CP subsidiary formerly provided railroad transportation services in South Dakota. See North American Rail Network Map.

**REQUEST NO. 24:** To the extent not produced in response to any prior Request, documents sufficient to identify the total gross revenues derived from operations of each of your Affiliates and Subsidiaries within the United States for each year from 2004 through 2014.

**RESPONSE:** Objection: overly broad, unduly burdensome, seeks confidential and proprietary information, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order.

**REQUEST NO. 25:** Documents sufficient to identify taxes paid by you to the United States Department of Treasury, Internal Revenue Service for each year from 2004 to the present.

**RESPONSE:** Objection: overly broad, unduly burdensome, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, CP's subsidiaries (Soo Line Railroad Company, Dakota Minnesota & Eastern Railroad Company, and Delaware & Hudson Railway Company, Inc.) paid taxes to the United States Department of Treasury, Internal Revenue Service in each of these years. Before 2007, however, Dakota, Minnesota & Eastern Railroad Company was not a subsidiary of CP.

**REQUEST NO. 26:** Documents sufficient to identify taxes paid by you to the State of Maine or any municipality or county within Maine for each year from 2004 to the present.

**RESPONSE:** Objection: overly broad in time and scope and unduly burdensome. Subject to these objections, and upon information and belief, CP paid property taxes to the Cities of Caribou, Presque Isle, and Houlton. CP continues to investigate the existence of documents responsive to this request and will supplement as appropriate and necessary.

**REQUEST NO. 27:** Documents sufficient to identify taxes paid by each of your Affiliates and Subsidiaries to the United States Department of Treasury, Internal Revenue Service for each year from 2004 to the present.

**RESPONSE:** Objection: overly broad, unduly burdensome, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, CP's subsidiaries (Soo Line Railroad Company, Dakota Minnesota & Eastern Railroad Company, and Delaware & Hudson Railway Company, Inc.) paid taxes to the

United States Department of Treasury, Internal Revenue Service in each of these years.

Before 2007, however, Minnesota & Eastern Railroad Company was not a subsidiary of

CP.

**REQUEST NO. 28:** Documents sufficient to identify taxes paid by each of your Affiliates and Subsidiaries to the State of Maine or any municipality or county within Maine for each year from 2004 to the present.

**RESPONSE:** None.

**REQUEST NO. 29:** Documents sufficient to identify the total number of employees and/or contractors working within the Montana and/or North Dakota regions of the Bakken Formation for you, or on your behalf, for each year from 2004 to the present.

**RESPONSE:** Objection: overly broad in scope, unduly burdensome, irrelevant,

and beyond the scope of the Bankruptcy Court's December 23, 2014 Order.  Subject to

these objections, a CP subsidiary provides railroad transportation services and employs

workers in North Dakota.

**REQUEST NO. 30:** Documents sufficient to identify the total number of employees and/or contractors working within Maine for you, or on your behalf, for each year from 2004 to the present.

**RESPONSE:** None.

**REQUEST NO. 31:** To the extent not produced in response to any prior Request, documents sufficient to identify the total number of employees and/or contractors working within the United States for you, or on your behalf, for each year from 2004 to the present.

**RESPONSE:** Objection: overly broad, unduly burdensome, irrelevant, and

beyond the scope of the Bankruptcy Court's December 23, 2014 Order.  Subject to these

objections, CP subsidiaries provide railroad transportation services and employ workers

in the following states: North Dakota, Kansas, Minnesota, Iowa, Missouri, Illinois,

6940773v2

Wisconsin, Michigan, Pennsylvania, Vermont and New York; a CP subsidiary formerly

provided railroad transportation services in South Dakota.

**REQUEST NO. 32:** Documents sufficient to identify the total number of
employees and/or contractors working within the Montana and/or North Dakota regions
of the Bakken Formation for each of your Affiliates and Subsidiaries, or on their behalf,
for each year from 2004 to the present.

**RESPONSE:** Objection: overly broad, unduly burdensome, irrelevant, and

beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these

objections, a CP subsidiary provides railroad transportation services and employs

workers in North Dakota.

**REQUEST NO. 33:** Documents sufficient to identify the total number of
employees and/or contractors working within Maine for each of your Affiliates and
Subsidiaries, or on their behalf, for each year from 2004 to the present.

**RESPONSE:** None.

**REQUEST NO. 34:** To the extent not produced in response to any prior Request,
documents sufficient to identify the total number of employees and/or contractors
working within the United States for each of your Affiliates and Subsidiaries, or on their
behalf, for each year from 2004 to the present.

**RESPONSE:** Objection: overly broad, unduly burdensome, irrelevant, and

beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these

objections, CP subsidiaries provide railroad transportation services and employ workers

in the following states: North Dakota, Kansas, Minnesota, Iowa, Missouri, Illinois,

Wisconsin, Michigan, Pennsylvania, Vermont and New York; a CP subsidiary formerly

provided railroad transportation services and employed workers in South Dakota.

**REQUEST NO. 35:** All audited financial statements for you and each of your
Affiliates and Subsidiaries for the years 2010, 2011, 2012, 2013, and 2014.

**RESPONSE:** Objection: overly broad, unduly burdensome, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order.

**REQUEST NO. 36:** In the event you or your Affiliates or Subsidiaries do not have audited financial statements for any of the years 2010, 2011, 2012, 2013, and 2014, the unaudited, year-end financial statements for such years.

**RESPONSE:** Objection: overly broad, unduly burdensome, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order.

**REQUEST NO. 37:** Reports, charts, graphs and/or other written documents sufficient to detail the corporate structure and relationship between you and any of your Affiliates or Subsidiaries for each of the years 2004 to the present.

**RESPONSE:** CP has a corporate structure chart, designated solely for internal use. Upon the entry of an agreed-upon confidentiality and protective order, CP will produce the structure chart.

**REQUEST NO. 38:** Documents sufficient to identify the purchase by you or any of your Affiliates or Subsidiaries of any equipment or services for use within the Montana and/or North Dakota regions for the Bakken Formation.

**RESPONSE:** Objection: overly broad, unduly burdensome, vague and ambiguous, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, a CP subsidiary provides railroad transportation services in North Dakota.

**REQUEST NO. 39:** Documents sufficient to identify the purchase by you or any of your Affiliates or Subsidiaries of any equipment or services from any corporation and/or business entity located within Maine from 2004 to the present.

**RESPONSE:** Objection: overly broad in time and scope, unduly burdensome, and vague and ambiguous. Subject to these objections, invoices relating to environmental clean-up services provided by a corporation or business entity located in

Maine are available for inspection at the offices of Briggs and Morgan, P.A. at a mutually

agreeable time. Discovery continues.

**REQUEST NO. 40:** To the extent not produced in response to any prior Request, documents sufficient to identify the purchase by you or any of your Affiliates or Subsidiaries of any equipment or services from any corporation and/or business entity located within the United States from 2004 to the present.

**RESPONSE:** Objection: overly broad, unduly burdensome, irrelevant, and

beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these

objections, CP subsidiaries provide railroad transportation services in the following

states: North Dakota, Kansas, Minnesota, Iowa, Missouri, Illinois, Wisconsin, Michigan,

Pennsylvania, Vermont and New York; a CP subsidiary formerly provided railroad

transportation services in South Dakota.

**REQUEST NO. 41:** Documents sufficient to identify any mortgages or loans related to real property owned and/or leased and/or operated by you or any of your Affiliates or Subsidiaries in Maine from 2004 to the present.

**RESPONSE:** None.

**REQUEST NO. 42:** Documents sufficient to identify any mortgages or loans related to real property owned and/or leased and/or operated by you or any of your Affiliates or Subsidiaries in the Montana and/or North Dakota regions of the Bakken Formation from 2004 to the present.

**RESPONSE:** Objection: overly broad, unduly burdensome, vague and

ambiguous, irrelevant, and beyond the scope of the Bankruptcy Court's December 23,

2014 Order.

**REQUEST NO. 43:** To the extent not produced in response to any prior Request, documents sufficient to identify any mortgages or loans related to real property owned and/or leased and/or operated by you or any of your Affiliates or Subsidiaries in the United States from 2004 to the present.

**RESPONSE:** Objection: overly broad, unduly burdensome, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order.

**REQUEST NO. 44:** Documents sufficient to identify any deed(s) to real property owned by you or any of your Affiliates or Subsidiaries in Maine from 2004 to the present.

**RESPONSE:** CP continues to investigate the existence of the requested document(s) and will supplement as appropriate and necessary. *See also* records relating to the Maine leases that are available for inspection at the offices of Briggs and Morgan, P.A.

**REQUEST NO. 45:** Documents sufficient to identify any deed(s) to real property owned by you or any of your Affiliates or Subsidiaries in the Montana and/or North Dakota regions of the Bakken Formation from 2004 to the present.

**RESPONSE:** Objection: overly broad, unduly burdensome, vague and ambiguous, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, a CP subsidiary owns tracks and provides railroad transportation services in North Dakota.

**REQUEST NO. 46:** To the extent not produced in response to any prior Request, documents sufficient to identify any deed(s) to real property owned by you or any of your Affiliates or Subsidiaries in the United States from 2004 to the present.

**RESPONSE:** Objection: overly broad, unduly burdensome, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, CP subsidiaries provide railroad transportation services and own tracks or facilities in the following states: North Dakota, Kansas, Minnesota, Iowa, Missouri, Illinois, Wisconsin, Michigan, Pennsylvania, Vermont and New York; a subsidiary of CP formerly provided railroad transportation services and owned tracks in South Dakota.

**REQUEST NO. 47:** Documents sufficient to identify any lease(s) of real or personal property by you or any of your Affiliates or Subsidiaries in Maine from 2004 to the present.

**RESPONSE:** Records relating to the Maine leases are available for inspection at the offices of Briggs and Morgan, P.A.

**REQUEST NO. 48:** Documents sufficient to identify any lease(s) of real or personal property by you or any of your Affiliates or Subsidiaries in the Montana and/or North Dakota regions of the Bakken Formation from 2004 to the present.

**RESPONSE:** Objection: overly broad, unduly burdensome, vague and ambiguous, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, a CP subsidiary provides railroad transportation services in North Dakota.

**REQUEST NO. 49:** To the extent not produced in response to any prior Request, documents sufficient to identify any lease(s) of real or personal property by you or any of your Affiliates or Subsidiaries in the United States from 2004 to the present.

**RESPONSE:** Objection: overly broad, unduly burdensome, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, CP subsidiaries provide railroad transportation services in the following states: North Dakota, Kansas, Minnesota, Iowa, Missouri, Illinois, Wisconsin, Michigan, Pennsylvania, Vermont and New York; a CP subsidiary formerly provided railroad transportation services in South Dakota.

**REQUEST NO. 50:** All advertisements pertaining to you or any of your Affiliates or Subsidiaries disseminated in Maine from 2004 to the present.

**RESPONSE:** None. Discovery continues.

**REQUEST NO. 51:** To the extent not produced in response to any prior Request, all advertisements pertaining to you or any of your Affiliates or Subsidiaries disseminated in the United States from 2004 to the present related to services and/or products offered

by you or any of your Affiliates or Subsidiaries from within the Montana and/or North Dakota regions of the Bakken Formation.

**RESPONSE:** Objection: overly broad, unduly burdensome, vague and ambiguous, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order. Subject to these objections, a CP subsidiary provides railroad transportation services in North Dakota.

**REQUEST NO. 52:** All bills, invoices, statements, and/or other documents evidencing payments by you or any of your Affiliates or Subsidiaries to any person or business entity located in Maine from 2004 to the present.

**RESPONSE:** Objection: overly broad in time and scope, unduly burdensome, seeks confidential information, and seeks documents protected from discovery by the attorney-client and work-product privileges. Subject to these objections, non-privileged and non-confidential documents evidencing payments to any person or business entity located in Maine from 2011 to present are available for inspection at the offices of Briggs and Morgan, P.A.

**REQUEST NO. 53:** To the extent not produced in response to any prior Request, all bills, invoices, statements, and/or other documents evidencing payments by you or any of your Affiliates or Subsidiaries to any person or business entity located in the United States from 2004 to the present.

**RESPONSE:** Objection: overly broad in time and scope, unduly burdensome, irrelevant, and beyond the scope of the Bankruptcy Court's December 23, 2014 Order.

**REQUEST NO. 54:** All Court filings related to all civil lawsuits filed by or against you or any of your Affiliates or Subsidiaries in Maine from 2004 to the present.

**RESPONSE:** Objection: overly broad in time and scope, unduly burdensome, and vague and ambiguous. Subject to these objections, the complaint and answer for the following civil lawsuits filed in Maine are available for inspection at the offices of Briggs

6940773v2

and Morgan, P.A.:  Brenda Philpot, individually and as personal representative for the

Estate of Roger Russell v. Canadian Pacific Railway (U.S. District Court District of

Maine, 2013); and Wheeling & Lake Erie Railway Company v. Canadian Pacific

Railway Limited (U.S. District Court District of Maine, 2014).  Discovery continues.

**REQUEST NO. 55:**  To the extent not produced in response to any prior Request, all Court filings related to all civil lawsuits filed by or against you or any of your Affiliates or Subsidiaries in the United States from 2004 to the present.

**RESPONSE:**  Objection: overly broad in time and scope, unduly burdensome,

vague and ambiguous, irrelevant, and beyond the scope of the Bankruptcy Court's

December 30, 2014 Order.

**As to factual responses:**

Dated: March ____, 2015                    _____


Subscribed and sworn to before me this
_____ day of March, 2015


_____
Notary Public

Dated:  March 16, 2015

**BRIGGS AND MORGAN, P.A**

By: *s/ Timothy R. Thornton*  _____
    Timothy R. Thornton
    John R. McDonald
    Paul J. Hemming
2200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
(612) 977-8400

6940773v2

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF MINNESOTA      )

                                ) ss.     Court File No. Adv. Pro. No. 14-1001

COUNTY OF HENNEPIN     )

     Patricia A. Kringen, being first duly sworn, deposes and states that on the 16th day of March, 2015, she served the attached

     Canadian Pacific Railway Company's Responses to Plaintiff Robert J. Keach, Chapter 11 Trustee of the Montreal, Maine & Atlantic Railway, Ltd.'s Interrogatories and Request for Production of Documents Relating to Jurisdictional Discovery

upon:

     SEE ATTACHED LIST

(which is the last known address of said attorneys) by depositing a true and correct copy thereof in the United States mail, postage prepaid

                                                     Patricia A. Kringen

Subscribed and sworn to before me this 16th day of March, 2015

                     Notary Public

SANDRA J CAMBRONNE
Notary Public
Minnesota
My Commission Expires January 31, 2020

6980269v1

## Service List

***Robert J. Keach, Plaintiff***
D. Sam Anderson, Esq.
Michael A. Fogone, Esq.
Robert J. Keach, Esq.
Paul McDonald, Esq.
Timothy J. McKeon, Esq.
Bernstein, Shur, Sawyers & Nelson, P.A.
100 Middle Street
Portland, ME 04101

***World Fuel Services, Western Petroleum Company, and Petroleum Transport Solutions, LLC, Defendants***
Jay S. Geller, Esq.
Law Office of Jay S. Geller
One Monument Way
Suite 200
Portland, ME 04101

***Irving Oil Limited, Defendants***

Fred W. Bopp III, Esq.
Lauren B. Weliver, Esq.
Perkins Thompson, P.A.
One Canal Plaza, 9th Floor
Portland, ME 04101
and

Lazar P. Raynal, Esq.
J. Christian Nemeth, Esq.
McDermott Will & Emery, LLP
227 West Monroe Street
Chicago, IL 60606

***Wheeling & Lake Erie Railway Company, Intervenor-Plaintiff***
Andrew Helman, Esq.
George J. Marcus, Esq.
Marcus, Clegg & Mistretta, P.A.
One Canal Plaza, Suite 600
Portland, ME 04101