UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>MONTREAL MAINE & ATLANTIC RAILWAY, LTD.<br><br>　　　　　　　　　　Debtor | Chapter 11<br>Case No. 13-10670 |
| ROBERT J. KEACH, solely in his capacity as the estate representative of the post-effective date estate of MONTREAL MAINE & ATLANTIC RAILWAY, LTD.<br><br>　　　　　　　　　　Plaintiff<br>　v.<br><br>CANADIAN PACIFIC RAILWAY COMPANY and SOO LINE RAILROAD COMPANY<br><br>　　　　　　　　　　Defendants | Adv. Proc. No. 14-1001 |

## DECISION AND FURTHER ORDER REGARDING DEFENDANTS' MOTION TO ENFORCE THE STIPULATED PROTECTIVE ORDER AND UPHOLD CONFIDENTIALITY DESIGNATIONS

Defendants Canadian Pacific Railway Company and Soo Line Railroad Company ("CP" and "Soo Line," respectively, and "Defendants," jointly) and plaintiff Robert J. Keach, solely in his capacity as the estate representative of the post-effective date estate of Montreal Maine & Atlantic Railway, Ltd. (the "Estate Representative") disagree about the scope of the confidentiality protections provided to certain deposition exhibits and

1

transcript excerpts. After due consideration of the parties' positions, this court denies the relief sought by the Defendants for the reasons set forth below.

## Background

In October of 2017, the parties agreed to the entry of a protective order (the "Protective Order") which applies to the exhibits and transcripts in dispute (Docket Entry "D.E." 322, ¶ 1). That order specifically provides that (1) the designation of confidentiality by the parties does not confer upon the document any special status or protection other than that set forth in the Protective Order, (2) such designation is not a judicial determination that the material is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure, and (3) the party moving to retain the confidentiality designation has the burden to show good cause for such designation. Protective Order, ¶¶ 2, 8(c), 13. Discovery proceeded, and the Defendants designated certain material as confidential pursuant to the Protective Order. The Estate Representative disagreed with their designations and the Defendants filed a Motion to Enforce the Stipulated Protective Order and Uphold Confidentiality Designations in May of 2019 (the "Motion to Enforce") (D.E. 387). The Estate Representative objected (D.E. 401 and 403), and the Defendants replied to his challenge (D.E. 427).

A hearing on the Motion to Enforce was held in early July of 2019 and, in an effort to narrow the focus of the parties' disputes, this court issued an order on July 18, 2019, which established a process by which the parties would address their disagreements as to the scope of the Protective Order. (D.E. 445). Among other things, the July 18th order mandated that the Defendants provide the Estate Representative with specific reasons supporting their confidentiality designations on a "document-by-document or page-by

page basis" and the Estate Representative provide a chart which includes the specific reasons for his objections to the Defendants' designations.

On August 30, 2019, the Estate Representative filed a status report (D.E. 450) which included a chart listing the exhibits and transcript designations still in dispute.[1] A status conference was held on September 10, 2019, after which the court took the unresolved aspects of the dispute under advisement.

## Discussion

The Defendants assert that the Estate Representative's objection to their Motion to Enforce is (1) hypocritical because the Estate Representative also made broad-based declarations of confidentiality deserving of protection under the Protective Order, (2) flawed because the objection did not comply with the Protective Order's "meet and confer" requirement, (3) untimely, (4) overly broad, and (5) made for the improper purpose of assisting parties in other litigation. Further, the Defendants maintain that "good cause" exists to treat the Disputed Materials as confidential, the Defendants' confidentiality designations are appropriate, and sustaining the Estate Representative's objection would be prejudicial to them.

---

[1] The disputed exhibits are: (a) Exhibits 3, 6, 7, 8, 10, 11, 12, 14, 17, 18, 19, 24 and 25 from the February 13, 2019 deposition filed under seal at D.E. 451; (b) Exhibits 4, 5, 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 23, 25 and 26 from the February 14, 2019 deposition filed under seal at D.E. 451-16; and (c) Exhibits 4, 5, 7, 8, 9, 10, 11, 12, 13, 14 and 15 from the February 15, 2019 deposition filed under seal at D.E. 451-36.

The disputed transcript designations are: (a) sections 2-46, 46-93, 94-171, 171-211 and 211-239 from the February 13, 2019 deposition transcript filed under seal at D.E. 451; (b) sections 2-41, 42-46, 47-91, 91-129, 130-152, 152-188 and 188-203 from the February 14, 2019 deposition transcript filed under seal at D.E. 451-16; and (c) sections 2-43, 43-70, 70-93, 94-128 and 129-145 from the February 15, 2019 deposition transcript filed under seal at D.E. 451-36.

The disputed exhibits and transcript designations are referred to collectively here as the "Disputed Materials."

3

The Estate Representative disagrees and asserts that the Defendants failed to meet their burden of establishing that the Disputed Materials constitute confidential information deserving of protected status.

Turning first to the Defendants' non-substantive arguments, I am unconvinced that the Motion to Enforce should be granted simply because the Estate Representative made the same broad designations of confidentiality as to his productions as he complains of here. Even if that were true and the Estate Representative's position on the Motion to Enforce is, as the Defendants phrased it, "hypocritical," that inconsistency can be addressed if the Estate Representative seeks relief from the court pursuant to the procedures established by the Protective Order.

Nor will I grant the Motion to Enforce on the ground that the Estate Representative's objections are untimely. The Protective Order, which is a modification of the form confidentiality order offered on the court's website (http://www.meb.uscourts.gov/forms), provides that objections to confidentiality designations may be served "[u]pon the receipt" of such documents. In contrast, the court form states that challenges to the confidentiality designation may be served "[w]ithin 30 days of the receipt" of the document designated as confidential. The Defendants argue that the Estate Representative's failure to serve objections upon receipt of the documents results in a waiver of his challenge to the confidentiality designations. While there is a certain logic to this argument in the abstract, it dissolves when evaluated in connection with the overall purposes of the Protective Order: to preserve the confidentiality of certain information while providing an expeditious and efficient process by which the parties can exchange discovery. To those ends, the Protective Order has proven successful. Even though this is

4

a hotly contested, complex matter and the parties have complained about each other's broad-brush use of the confidentiality declarations, discovery has proceeded forward.

And although I understand the Defendants' argument that the Estate Representative waited too long to challenge the Defendants' confidentiality designations, I am not persuaded that that argument should prevail in this instance. First, the Protective Order, unlike the form order on the court's website, does not provide a definite date by which the objecting party must serve objections. Second, according to the parties, they have exchanged, on a rolling basis, over 10,000 documents. To construe the Protective Order to require the parties to challenge every confidentiality designation at the time of the receipt of each document, and at a time before the parties might know whether the information contained within a specific document is sufficiently germane to the litigation to merit the cost of a confidentiality battle under the terms of the Protective Order, would (a) impose a costly, cumbersome, and inefficient process, (b) undermine a primary reason for protective orders, and (c) contravene the primary purpose of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 1. ("These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

I am also not convinced that the Defendants were denied the protection of the "meet and confer" requirement of the Protective Order. The Estate Representative maintains that the parties actually met and conferred, and merely because he did not change his position regarding the scope of the confidentiality designations during that meeting should not result in the granting of the Motion to Enforce. I agree.

With one exception, the remainder of the Defendants' objections rise or fall depending on how the burden of proof is applied. By my reading, it is clear: "The moving Party has the burden to show good cause for the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation." Protective Order, ¶ 8(c). This is consistent with the general rule under Fed. R. Civ. P. 26(c). 6 Moore's Federal Practice - Civil § 26.105 (2019). When I apply that rule here, the Defendants' arguments come up short. The process created by the Protective Order and the July 18th order imposes upon the Defendants the responsibility to specify their reasons for their confidentiality designations, "on a document-by-document or page-by-page basis" for the deposition exhibits and on a "section- by-section basis" for the deposition transcripts.

However, the reasons actually provided by the Defendants are general and non-specific. Their stated reason for the necessity to retain the confidentiality designation for the forty deposition exhibits is that the information in the exhibits is "commercial information." The reasons are conclusory, and little else is provided to assist the Estate Representative in responding to the designation or to permit the court to make a meaningful evaluation as to whether the exhibits should remain designated as confidential. By way of example, the Defendants' reason for designating Exhibit 3 from the February 13, 2019 deposition filed under seal at D.E. 451 as confidential is: "[i]nternal incident response emails are commercial information." The exhibit is nine pages long and has three separate components. The first page contains emails between various CP employees, the second page is a work list, and each of the last seven pages contains a compressed waybill. The Defendants' reason for continuing the confidentiality designation is broad and fails to

6

provide a "page-by-page" explanation to support a determination that each section of this exhibit deserves confidential treatment.

Similarly, the Defendants' explanation for the confidentiality designations to remain on the deposition transcript excerpts is similarly vague. For example, the February 13, 2019 deposition transcript filed under seal at D.E. 451 is two hundred thirty-nine pages long and the Defendants seek to retain the confidentiality designation on two hundred twenty-three pages, over ninety-three present of the transcript, solely on the grounds that "all sections contain commercial information."

The Defendants' justifications for the continued confidentiality of all other exhibits and transcripts are likewise unadorned and generic.

After consideration of the relevant orders, the parties' submissions and arguments, as well as the documents filed under seal, the court concludes that the Estate Representative's argument prevails. Paragraph two of the July 18th order at D.E. 445 required the Defendants to specifically identify the reasons for their confidentiality designations. Simply describing the information sought to be protected as "commercial information" is not enough to satisfy the burden placed upon the Defendants here.

Finally, the Defendants assert that the Estate Representative seeks the removal of the confidentiality designations in order to evade the impact of the February 5, 2019 decision of Justice Martin Bureau of the Superior Court of the Province of Québec (Mégantic District).[2] In that decision, Justice Bureau denied the request of the Attorney

---

[2] A copy of the unofficial translation of Justice Bureau's decision in the matters of Ouellet, et al. v. Montreal Maine & Atlantic Canada Company, et al., (No. 480-06-000001-132), Attorney General of Québec v. Compagnie de Chemin de fer Canadien Pacifique, et al., (No.: 480-17-000070-159) and Promutuel Centre Sud, et al. v. Compagnie De Chemin De Fer Canadien Pacifique, et. al. (No.: 480-17-000096-162) is attached as Exhibit B (D.E. 387-3) to the Declaration of Paul J. Hemming dated May 15, 2019 (D.E. 387-1).

7

General of Québec to partially waive the obligations of confidentiality of certain documentation and other information exchanged in those Québec cases so that the Attorney General and other parties could share and discuss that documentation and information. Given the Defendants' failure to satisfy the burden placed upon them by the Protective Order and the July 18th order, this particular concern is not sufficient for me to grant the Motion to Enforce. Further, the Estate Representative denies that he intends to use discovery in an inappropriate manner and his ability to share the Disputed Materials or discuss the information contained therein is constrained by the applicable rules of court and professional conduct of the pertinent tribunals. Finally, this discovery dispute and the one addressed in Justice Bureau's decision arise in different cases, involving different parties, in different countries in which the courts apply different rules and precedents. Justice Bureau's decision was explicitly premised upon Canadian precedent (see pages four through six) and as he aptly observed on page six: ". . . different rules of law exist in Québec and the United States of America regarding pre-trial disclosure and the manner in which judicial proceedings are conducted."

      Therefore, the Motion to Enforce is denied as respects the remaining areas of dispute between the parties as set forth in footnote 1 of this order and the chart attached to Appendix A of Exhibit B to the Estate Representative's status report.

Dated:  September 27, 2019     /s/  Peter G. Cary
                                               Judge Peter G. Cary
                                               United States Bankruptcy Court
                                               for the District of Maine