UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>MONTREAL MAINE & ATLANTIC RAILWAY, LTD.<br><br>                      Debtor | Chapter 11<br>Case No. 13-10670 |
| ROBERT J. KEACH, solely in his capacity as the estate representative of the post-effective date estate of MONTREAL MAINE & ATLANTIC RAILWAY, LTD.<br><br>                      Plaintiff<br>   v.<br><br>CANADIAN PACIFIC RAILWAY COMPANY and SOO LINE RAILROAD COMPANY<br><br>                      Defendants | Adv. Proc. No. 14-1001 |

## **ORDER ON PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**

Plaintiff Robert J. Keach, solely in his capacity as the estate representative of the post-effective date estate of Montreal Maine & Atlantic Railway, Ltd., moved this court for the entry of a protective order and an award of fees and costs in regard to the deposition notice served on the estate representative under Fed. R. Civ. P. 30(b)(6) by defendants Canadian Pacific Railway Company and Soo Line Railroad Company (Docket Entry

1

"D.E." 461).[1] After due consideration of the motion, the defendants' opposition, the estate representative's reply, and the arguments of counsel at the October 8, 2019 hearing, the court denies the relief sought by the estate representative for the reasons set forth below.

**Background**

The estate representative, as the plaintiff in this case, seeks damages from the defendants of more than $50,000,000 (Third Amended Complaint dated August 8, 2016, at D.E. 230, ¶¶ 17, 18, 106, 110, and 118). By a notice of deposition dated August 9, 2019 a copy of which is attached as Exhibit A to the September 24, 2019, Affidavit of Mr. Keach (D.E. 461-1), the defendants indicated their intent to depose the "plaintiff" of this adversary proceeding pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The estate representative opposed those efforts. The parties attempted to resolve their differences, without intervention from the court, to no avail.

The estate representative then sought a protective order pursuant to Fed. R. Civ. P. 26(c) on two grounds. First, the discovery sought by the defendants was improper because the deposition notice named the estate representative as an individual, and individuals are not subject to depositions under Rule 30(b)(6). Second, each of the thirty-five topics listed in the deposition notice relates to Montreal, Maine & Atlantic, Ltd. ("MMA") or its employees and not to the estate representative, and the estate representative should not be obligated to inform himself about a third party's conduct outside of his knowledge.

The defendants countered that the estate representative waived his argument that he is not obligated to provide the information on MMA's behalf, that the Rule 30(b)(6)

---

[1] References to the docket in this adversary proceeding are by "D.E. ___". References to the docket in the underlying bankruptcy case of In re Montreal Maine & Atlantic Railway Ltd., Case No.: 13-10670 are by "Main Case, D.E. ___".

2

deposition is not aimed at the estate representative individually, and that the estate representative possesses extensive knowledge about MMA and is in the best position to designate the 30(b)(6) witnesses for the various topics raised in the deposition notice.

### **Discussion**

A. <u>Is the plaintiff subject to a Rule 30(b)(6) deposition?</u>

Rule 26(c) of the Federal Rules of Civil Procedure permits a court to issue a protective order "for good cause . . . to protect a party or person from annoyance, oppression, or undue burden or expense." " 'The 'good cause' standard in the Rule is a flexible one that requires an individualized balancing of the many interests that may be present in a particular case.' " <u>Gill v. Gulfstream Park Racing Ass'n., Inc.</u>, 399 F.3d 391, 402 (1st Cir. 2005) (quoting <u>United States v. Microsoft Corp.</u>, 165 F.3d 952, 959–60 (D.C. Cir. 1999)). If, as the estate representative asserts, a Rule 30(b)(6) deposition cannot apply to him under the facts of this case, the "good cause" standard would easily be satisfied.

In order to make that determination, the court must first look at the language of the rule:

> **(6) Notice or Subpoena Directed to an Organization.** In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

This rule permits a party to name a corporation (public or private), a partnership, a governmental agency, or some other entity as a deponent, and, because those enumerated

entities are physically unable to testify, the rule instructs the named entity to designate a natural person to testify on its behalf.

The estate representative asserts the plain language of the rule does not list an "individual" as one of the targets of a Rule 30(b)(6) deposition. He is correct. He then maintains that because he is an individual, the defendants cannot use the Rule 30(b)(6) process to obtain information from him as the plaintiff in this proceeding. Here he is wrong. As each pleading filed by Mr. Keach – in this adversary proceeding, in the seventeen additional related adversary proceedings, and in the main bankruptcy case – is careful to note, Mr. Keach has not been and is not now acting as an individual. Following the effective date of the Chapter 11 plan in this case, Mr. Keach's role in this adversary proceeding is solely as the representative of the post-effective date estate of MMA. See October 9, 2015, Order Confirming Trustee's Revised First Amended Plan of Liquidation Dated July 15, 2015 (the "Confirmation Order") (Main Case, D.E. 1801) and Trustee's Revised First Amended Plan of Liquidation Dated July 15, 2015 (as Amended on October 8, 2015) (the "Plan") (Main Case, D.E. 1801 Ex. A). The "post-effective date estate of MMA" is the estate of the debtor MMA that was preserved as of the effective date of the Plan, or, put differently, all of the property of the estate of MMA that was preserved by the Plan re-vested in the post-effective date estate. Confirmation Order, Ex. A, ¶¶ 1.49, 1.67, 1.104, 9.2; Plan, ¶ 75.

The cause of action against CP and Soo Line was one such piece of property. Mr. Keach's duties and responsibilities in connection with this cause of action are set forth and defined in the Plan and Confirmation Order. He was appointed the sole officer and director of MMA to serve in accordance with MMA's certificate of incorporation and bylaws to

4

carry out the provisions of the Plan and to close out the underlying bankruptcy case. Plan ¶ 6.1(a). He was given the power of a chapter 11 trustee and the sole office of MMA to prosecute any action, such as this adversary proceeding, to carry out the provisions of the Plan. Plan ¶ 6.2. Mr. Keach settled claims and lawsuits against scores of other parties (see footnote 2, supra) on behalf of the MMA estate or the post-effective date estate of MMA, and not on his individual behalf. Similarly, in this adversary proceeding, he proceeds, as he accurately notes in the introduction and in ¶ 22 of the Third Amended Complaint, on behalf of MMA's post-effective date estate. Thus, the actual plaintiff in this case is not Mr. Keach individually but Mr. Keach in his representational capacity on behalf of an entity – the post-effective date estate of MMA – which has a distinct and independent existence and which is encompassed within the scope of Rule 30(b)(6).

So, as to Mr. Keach's initial argument for a protective order – the target of the Rule 30(b)(6) deposition notice is an individual and therefore fatally flawed – this court is unconvinced. Rule 30(b)(6), as made applicable here by Fed. R. Bankr. P. 7030, is designed in part to streamline the discovery process and the rules must "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001. Reading the plain language of the rules and applying them to the facts of this case, it would be inexpedient, unjust, and needlessly costly to grant the protective order sought by Mr. Keach. The deposition notice is aimed at the post-effective date estate of MMA and its use here is a proper exercise of Rule 30(b)(6).

5

B. <u>Are the topics sought to be explored by the defendants in the Rule 30(b)(6) deposition notice so unrelated to the estate representative that a protective order should issue?</u>

The estate representative also seeks a protective order on the grounds that the topics the defendants intend to explore at the Rule 30(b)(6) deposition (D.E. 461-1, Ex. A, pp. 2 – 5) relate to MMA or MMA's employees and not to the actions of the estate representative. The fact that the plaintiff claims to lack sufficient knowledge to testify about these topics does not relieve him from the obligation to identify the appropriate person to be deposed.

> The goal of the Rule 30(b)(6) requirement is to enable the responding organization to identify the person who is best situated to answer questions about the matter, or to make sure that the person selected to testify is able to respond regarding that matter. . . There is no obligation to select a person with personal knowledge of the events in question, but there is an obligation to proffer a person who can answer regarding "information known or reasonably available to the organization." . . . Thus, unlike all other depositions, there is an implicit obligation to prepare the witness. As specified in the rule, this preparation is not limited to matters of which the witness has personal knowledge but extends to all information reasonably available to the responding organization. That obligation can present difficulties when the events in question occurred long ago, or when there have been significant changes in corporate personnel (due, sometimes, to such corporate transactions as mergers and the like) resulting in the departure from the company's employ of all those who knew about the events in question.

8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice & Procedure Civ.</u> § 2103 (3d ed. 2019) (hereinafter "Wright & Miller") (footnotes omitted).

It may very well be that Mr. Keach identifies himself as the deponent for many of these topics. As he has admitted, he has acquired extensive personal knowledge of, among other things, (a) the subject matter of the derailment of the MMA train, (b) this pending adversary proceeding, (c) formal and informal discovery in connection with this adversary proceeding, (d) MMA's bankruptcy schedules, (e) settlement agreements with various

6

parties,[2] (f) various personal injury or wrongful death claims arising from the derailment, (g) the restoration and operation of the railroads of MMA and MMA Canada, and (h) the MMA plan of reorganization.  E.g., Affidavit of Robert J. Keach dated October 30, 2015, ¶¶ 4, 8, 9, 14, 17, 18, 19, 27, 31, and 34, In re Wheeling & Lake Erie Railway Company v. Keach, 13-01033, D.E. 84); Declaration of Robert J. Keach, Chapter 11 Trustee, in support of Confirmation of Trustee's Revised First Amended Plan of Liquidation dated July 15, 2015, ¶¶ 1 and 17, Main Case, D.E. 1686.

However, even if Mr. Keach does not have the knowledge necessary to designate himself as the key person for a particular topic, he is in the position to access the

---

[2] Including settlement agreements with Devlar Energy Marketing LLC, Lario Oil & Gas Company, Devo Trading & Consulting Company, Oasis Petroleum Inc., Oasis Petroleum LLC, Inland Oil & Gas Corporation, Whiting Petroleum Corporation, Enerplus Resources (USA) Corporation, Halcón Resources Corporation, Tracker Resources, Kodiak Oil & Gas Corp. (now known as Whiting Canadian Holding Company, ULC), Golden Eye Resources LLC, Arrow Midstream Holdings CCC, Marathon Oil Company, QEP Resources, Inc., Slawson Exploration Company, Inc., Indian Harbor Insurance Company, XL Insurance, XL Group plc and their Affiliates , Edward A. Burkhardt, Larry Parsons, Steven J. Lee, Stephen Archer, Robert C. Grindrod, Joseph C. McGonigle, Gaynor Ryan, Donald Gardner, Jr., Fred Yocum, Yves Bourdon, James Howard, Hartford Casualty Insurance Company (along with its parents, subsidiaries, affiliates, officers and directors), Chubb & Son, Rail World Holdings, LLC, Rail World, Inc., Rail World Locomotive Leasing LLC, The San Luis Central R.R. Co., Pea Vine Corporation, LMS Acquisition Corporation, MMA Corporation, Earlston Associates L.P., General Electric Railcar Services Corporation, General Electric Company, Trinity Industries, Inc., Trinity Industries Leasing Company, Trinity Tank Car, Inc., Trinity Rail Leasing 2012 LLC, Trinity Rail Group LLC, RIV 2013 Rail Holdings LLC, Trinity Rail Leasing Warehouse Trust, Union Tank Car Company, the UTLX International Division of UTCC, The Marmon Group LLC, Procor Limited, First Union Rail Corporation, CIT Group, Inc., ConocoPhillips Company, Shell Oil Company, Shell Trading (US) Company, Incorr Energy Group LLC, Enserco Energy, LLC, The Attorney General of Canada, the Government of Canada, Her Majesty the Queen in Right of Canada and the departments, crown corporations and agencies including the Canadian Transportation Agency (including all past, present and future Ministers, officers, employees, representatives, servants, agents, parent, subsidiary and affiliated crown corporations and agencies, and their respective estates, successors and assigns), Irving Oil Limited, Irving Oil Company, Limited, Irving Oil Operations General Partner Limited, Irving Oil Commercial G.P., the SMBC Parties (namely SMBC Rail Services, LLC f/k/a Flagship Rail Services, LLC (and its respective predecessors, servants, employees, independent contractors, owners, shareholders, officers, directors, associates, attorneys, accountants, representatives, successors, assigns, agents, subsidiaries, affiliates, and parent companies, and including without limitation Sumitomo Mitsui Financial Group, Inc., Sumitomo Mitsui Finance & Leasing Company, Limited, Sumitomo Mitsui Banking Corporation of Canada, Sumitomo Mitsui Banking Corporation, SMBC Capital Markets, Inc., SMBC Leasing and Finance, Inc., SMBC Nikko Securities America, Inc., JRI America, Inc., Manufacturers Bank, SMBC Global Foundation, Inc., SMBC Financial Services, Inc., SMBC Cayman LC Limited, SMBC Capital Partners LLC, SMBC Leasing Investment LLC, SMBC Marine Finance, Inc., Sakura Preferred Capital (Cayman), Limited, TLP Rail Trust I, FRS I, LLC, FR Holdings, LLC (and its subsidiaries), and the Great American Insurance Company

information by which he could familiarize himself with such topics or to identify the appropriate witness to be deposed for such topics. See Plan ¶¶ 1.22 and 6.2(e) (The estate representative shall maintain and preserve ". . . all books and records of . . . [MMA], including, without limitation, all documents and communications of any kind, whether physical or electronic, the right to assert or waive any privilege, including, without limitation, any attorney client privilege, work-product protection, or other privilege or immunity attaching to any documents or communications (whether written, electronic, or oral), and rights to direct current or former agents, attorneys, advisors, and other professionals of . . . [MMA] to deliver such documents or communication."). United States v. Taylor, 166 F.R.D. 356, 361 aff'd, 166 F.R.D. 367, 1996 WL 197898 (M.D.N.C. 1996) ("If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. . . Thus, the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved.") (internal citations omitted). See In re Enron Creditors Recovery Corp., 376 B.R. 442, 455–56 (Bankr. S.D.N.Y. 2007) ("Further, the Rule 30(b)(6) deponent is not required to have personal knowledge of the facts. Id. Rather, in preparation for the deposition, a Rule 30(b)(6) deponent must 'educate himself as to the matters regarding the corporation' that are known or reasonably available to the corporation. . . A corporation has the 'responsibility to produce a [Rule 30(b)(6)] witness who can provide information within the corporation's knowledge or reasonably available to it' even if the relevant 'documents are voluminous and various people hold the information.' . . . The logical conclusion from

this premise is that it is expected that the Rule 30(b)(6) witness will be provided with information both from records maintained by the entity and by others with knowledge of it.") (footnotes and internal citations omitted).

## Conclusion

Therefore, for the foregoing reasons, the estate representative's motion for a protective order and an award of fees and costs is denied.

Dated:  October 18, 2019                /s/  Peter G. Cary
                                        Judge Peter G. Cary
                                        United States Bankruptcy Court
                                        for the District of Maine