**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

In re:                                                           Bk. No. 13-10670-PGC
                                                                 Chapter 11
Montreal, Maine & Atlantic Railway, Ltd.,
              Debtor


Robert E. Keach, solely in his capacity as
Estate Representative of the post-effective
date estate of Montreal, Maine & Atlantic
Railway, Ltd.,

              Plaintiff
                                                                 Adv. No. 14-1001-PGC
v.

Canadian Pacific Railway Company, and
Soo Line Railroad Company,

              Defendants


**REVISION AND AMENDMENT TO THE COURT'S**

**MEMORANDUM OF DECISION DATED JULY 7, 2017 (D.E. 285)**

On July 7, 2017, the Court issued a Memorandum and Decision (the "Decision") (Docket

Entry "D.E." 285) dismissing Count II (Breach of Contract/Breach of Warranty) of Plaintiff

Robert J. Keach's (the "Estate Representative") Third Amended Complaint (the "Complaint")

(D.E. 230).  The basis for the dismissal was that the Estate Representative had repeatedly argued

and asserted in this adversary proceeding, and at least one other, that he did not have contract

claims against Canadian Pacific Railway Company ("CP") and Soo Line Railroad Company

("Soo Line") (together, the "Defendants").

While considering the Defendants' Motion to Bind Plaintiff to Prior Judicial Admissions

with Incorporated Memorandum of Law (the "Motion") (D.E. 548), the Court reevaluated its

basis for dismissing Count II and now, sua sponte, revises and amends the Decision to clarify

that basis.

Federal Rule of Civil Procedure 54(b), made applicable to this adversary proceeding by

Federal Rule of Bankruptcy Procedure 7054(a), provides in relevant part that "any order or other

decision . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the

claims . . . and may be revised at any time before the entry of a judgment adjudicating all the

claims . . . ." Fed. R. Civ. P. 54(b).  The Decision was interlocutory and is within the scope of

orders covered by Rule 54(b), which empowers this Court to revise it.  See Daumont-Colón v.

Cooperativa de Ahorro y Crédito de Caguas, 982 F.3d 20, 26 (1st Cir. 2020) (explaining that

Rule 54(b) authorizes "district courts to revise their own orders and decisions at any time before

entering final judgment[]"); Gagne v. Carl Bauer Schraubenfabrick, GmbH, 595 F. Supp. 1081,

1083 (D. Me. 1984) (stating that Rule 54(b) "expressly provides that [an interlocutory] order 'is

subject to revision at any time before the entry of judgment adjudicating all the claims and the

rights and liabilities of all the parties[]'") (quoting Fed. R. Civ. P. 54(b))).

In the Decision, the Court noted its agreement with the Defendants' argument that the

Estate Representative's assertions in Wheeling & Lake Erie Railway Co. v. Robert J. Keach,

Adv. Pro. 13-01033 (the "Wheeling Adversary") constituted judicial admissions in this

proceeding.  This is not so.  Upon further reflection, the correct application of the doctrine of

judicial admission requires that the admission occur in the same proceeding in which a party

seeks to hold the admitting party bound.  Separate adversary proceedings in a bankruptcy case do

not satisfy that requirement.  As the bankruptcy court in the Northern District of Illinois aptly

noted when addressing the distinction:

> [a] bankruptcy case is a bundle of related controversies, and trustees
> must be free to handle each individual controversy separately in

> order to maximize the value of the estate. Treating all the contested matters and adversary proceedings as one controversy and causing the statements made in one matter to be binding in all other matters would be inconsistent with this concept. Therefore, while the statement in the motion may be admissible as an admission of a party-opponent, . . . it is not a judicial admission with conclusive effect because it was not made in the same proceeding.

In re Schraiber, 141 B.R. 1000, 1007 (Bankr. N.D. Ill. 1992) (citations omitted).

Notwithstanding this clarification, the dismissal of Count II still stands given the application of the doctrine of judicial estoppel.[1]

> "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." Davis v. Wakelee, 156 U.S. 680, 689, 15 S.Ct. 555, 39 L.Ed. 578 (1895). This rule, known as judicial estoppel, "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." Pegram v. Herdrich, 530 U.S. 211, 227, n. 8, 120 S.Ct. 2143, 147 L.Ed.2d. 164(2000); see 18 Moore's Federal Practice § 134.30, p. 134–62 (3d ed. 2000) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding"); 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4477, p. 782 (1981) (hereinafter Wright) ("absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory").

New Hampshire v. Maine, 532 U.S. 742, 749 (2001).

The First Circuit Court of Appeals recognizes the doctrine of judicial estoppel and employs it when a litigant uses contradictory positions in order to gain an unfair advantage. See Patriot Cinemas, Inc. v. Gen. Cinemas Corp., 834 F.2d 208, 212 (1st Cir. 1987). See also Mosier

---

[1]  Some authorities posit that "[j]udicial estoppel is not so much a single doctrine as a set of doctrines that have not matured into fully coherent theory." 18B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §4477 (2d ed. 2020).   For purposes of simplicity, judicial estoppel is referred to singularly in this decision.

v. Cargill Fin. Servs. Corp. (In re Mansfield Corp.), 339 B.R. 194, 200 (Bankr. D. Minn. 2006) (concluding that "the [p]laintiff [was] judicially estopped on the discrete issue of the date on which the referent bankruptcy case was commenced, for the purposes of the statute of limitations that applie[d] to [the subsequent] adversary proceeding[,]" and noting that "[h]e tenaciously took a specific position on that point [in a prior adversary proceeding regarding] an identical claim, and prevailed . . . .").

Several factors support the dismissal of Count II under this doctrine. First, the position that the Estate Representative took in the later stages of this adversary proceeding– that a contract existed between the Defendants and Montreal, Maine & Atlantic Railway, Ltd. (the "Debtor"), which the Defendants breached– was clearly inconsistent with the position that he took in the Wheeling Adversary.[2] New Hampshire v. Maine, 532 U.S. at 750. Second, in the Wheeling Adversary, the Estate Representative successfully convinced this Court that the bill of lading issued by the Defendants to Western Petroleum Company, World Fuel Services Corporation and/or World Fuel Services, Inc. did not create contractual rights or obligations between the Defendants and the Debtor, which would serve as collateral for Wheeling & Lake Erie Railway Co.'s revolving line of credit to the Debtor. To permit the Estate Representative to assert these inconsistent positions in these cases would grant him "an unfair advantage [and] impose an unfair detriment on . . ." his opposition. Id. at 751.

---

[2]  Compare the position advanced by the Estate Representative in the Complaint (D.E. 203), at ¶¶ 4, 64, 71, 79, 80, 107-10 (for example) with his stance in support of his Motion for Summary Judgment in the Wheeling Adversary. See Trustee's Memorandum of Law in Support of Trustee's Motion for Summary Judgment (Wheeling Adversary, D.E. 83-1, at 8); Statement of Undisputed Facts in Support of Trustee's Motion for Summary Judgment (Wheeling Adversary, D.E. 83-2, at ¶ 32); Affidavit of Robert J. Keach in Support of the Trustee's Motion for Summary Judgment (Wheeling Adversary, D.E. 84, at ¶ 26); and Trustee's Reply to Wheeling & Lake Erie Railway Co.'s Objection and Memorandum of Law in Opposition to Trustee's Motion for Summary Judgment (Wheeling Adversary, D.E. 164, at 3, 14, 17, 18).